The order below is hereby signed.

Signed: September 2 2014



_____
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| STEPHEN THOMAS YELVERTON, | ) | Case No. 09-00414 |
| | ) | (Chapter 7) |
| Debtor. | ) | |
| _____ | ) | |
| | ) | |
| UNITED STATES EX REL. | ) | |
| STEPHEN THOMAS YELVERTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Adversary Proceeding No. |
| v. | ) | 14-10014 |
| | ) | |
| WENDELL W. WEBSTER, *et al.*, | ) | Not for publication in |
| | ) | West's Bankruptcy Reporter. |
| Defendants. | ) | |

<u>MEMORANDUM DECISION AND ORDER GRANTING MOTION TO INTERVENE</u>

In his amended complaint, plaintiff Yelverton sued the alleged surety on the bond posted with respect to Wendell W. Webster's faithful performance of his duties as trustee in Yelverton's bankruptcy case, Case No. 09-00414, alleging that Webster breached his fiduciary duties; sued Webster individually for such alleged breaches; and sued Jeffrey L. Tarkenton for allegedly conspiring with Webster. Webster and Tarkenton filed motions to dismiss Yelverton's amended complaint, but on July 20,

2014, Yelverton filed a notice of dismissal of this adversary proceeding as to the claims against Webster and Tarkenton, leaving the alleged surety as the sole defendant.  Yelverton acknowledges that he named the wrong entity as the surety, and he is undertaking efforts to ascertain how to serve the correct surety.  Webster has filed a motion to intervene.

The surety (once properly served) has an incentive to defend against the claim on the bond, and Webster has not rebutted the presumption that the surety will adequately represent his interests.  Accordingly, Webster has not shown that he is entitled to intervene as a matter of right under Federal Rule of Civil Procedure 24(a).  *See United States ex rel. Frank M. Sheesley Co. v. St. Paul Fire & Marine Ins. Co.*, 239 F.R.D. 404, 409, 413-14 (W.D. Pa. 2006); *see also Atlantic Refinishing & Restoration, Inc. v. Travelers Cas. & Sur. Co. of America*, 272 F.R.D. 26 (D.D.C. 2010) (general contractor showed that surety, sued by a subcontractor regarding claims against the general contractor, was not raising a defense available to the general contractor, thus rebutting the presumption of adequacy of representation).

However, the trustee is entitled to permissive intervention under Rule 24(b).  *See Frank M. Sheesley Co.*, 239 F.R.D. at 409, 414-16.  Webster faces the prospect of being obligated to indemnify the surety.  As a result of Yelverton's assertion of

identical claims against Webster and the surety in the amended complaint (that is, Webster's alleged breach of fiduciary duties), Webster shares a defense with the surety, namely, that he did not breach his fiduciary duties.[1]  Moreover, there cannot be any delay or prejudice to Yelverton because he has not yet served the correct surety.  Accordingly, Webster is entitled to intervene.

Webster did not attach a pleading to his motion as contemplated by Rule 24(c).  However, he had already filed a motion to dismiss the amended complaint.  Yelverton will not be prejudiced if the court first rules on the motion to dismiss before requiring Webster to file an answer.  In that circumstance, it makes no sense to require Webster to file an answer before being allowed to intervene.  *See Frank M. Sheesley Co.*, 239 F.R.D. at 411 (court has discretion to waive requirement if there is no prejudice), and the numerous decisions cited therein, including one from this circuit, *Massachusetts v.*

---

[1]  If Webster is entitled to dismissal of the amended complaint pursuant to his motion to dismiss based on the defense the surety shares that there was no breach of fiduciary duty, the amended complaint will fall as to the surety as well. *See United States v. State Farm Fire & Cas. Co. (In re Joplin)*, 882 F.2d 1507, 1511 (10th Cir. 1989) (bankruptcy court granted a trustee's motion to intervene in proceeding against the trustee's surety, granted the trustee's motion for summary judgment, and dismissed the proceeding as to both the trustee and the surety).

*Microsoft Corp.*, 373 F.3d 1199, 1236 n.19 (D.C. Cir. 2004).[2]

It is thus

ORDERED that the *Motion to Intervene* is GRANTED, and Webster is made a party defendant to the amended complaint in which he was named a defendant before being dismissed.  It is further

ORDERED that Yelverton shall file an opposition to Webster's motion to dismiss within 10 days after entry of this order.  It is further

ORDERED that in opposing Webster's motion to dismiss, Yelverton shall address Webster's contention that this court's approval of the settlement bars Yelverton's contentions that the trustee's settlement was unreasonable, including whether, under the doctrine of collateral estoppel (issue preclusion) Yelverton did not have fair opportunity procedurally, substantively, and evidentially to pursue his claim that the settlement was unreasonable.

[Signed and dated above.]

---

[2]  If the adversary proceeding should be dismissed pursuant to that motion, which appears likely, no purpose would have been served by requiring Webster to file an answer with his motion to intervene in order for the motion to intervene to be granted. The amended complaint appears to be chock full of claims that plainly fail to pass muster under Fed. R. Civ. P. 12(b)(6).  Even if, which is doubtful, part of the amended complaint were to survive the motion to dismiss, it will make sense to have whittled down the amended complaint, to a more manageable set of claims, before requiring Webster to file an answer.

Copies to: All counsel of record.