The document below is hereby signed.

Signed: December 8, 2014



_S. Martin Teel Jr._
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| STEPHEN THOMAS YELVERTON, | ) | Case No. 09-00414 |
| | ) | (Chapter 7) |
| Debtor. | ) | |
| _____ | ) | |
| | ) | |
| UNITED STATES EX REL. | ) | |
| STEPHEN THOMAS YELVERTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Adversary Proceeding No. |
| v. | ) | 14-10014 |
| | ) | |
| WENDELL W. WEBSTER, *et al.*, | ) | Not for publication in |
| | ) | West's Bankruptcy Reporter. |
| Defendants. | ) | |

MEMORANDUM DECISION AND ORDER DENYING MOTION
TO ALTER OR AMEND DECISION PER FRCP, RULE 59(e),
AND MOTION FOR LEAVE TO AMEND COMPLAINT PER FRCP, RULE 15(a)

The court will deny the plaintiff Yelverton's *Motion to Alter or Amend Decision per F.R.C.P., Rule 59(e), and Motion for Leave to Amend Complaint per F.R.C.P., Rule 15(a)* for the following reasons.

I

Yelverton asserts that this court erred in holding that *res judicata* (claim preclusion) barred this proceeding.  However, a motion to approve a settlement under Rule 9019 of the Federal Rules of Bankruptcy Procedure "offers [the trustee] the invaluable opportunity to procure the court's assurance that his decision to settle will not be second-guessed at some later date by a disgruntled creditor objecting to his fees or making a claim against his bond."  *In re Novak*, 383 B.R. 660, 670 (Bankr. W.D. Mich. 2008).  *See also, id.*, 383 B.R. at 671 n.16 (concluding sentence):

> [C]reditors and other parties in interest clearly have the right apart from Rule 9019(a) to challenge the soundness of a trustee's decision to settle in the context of either the allowance of his fees or a claim against his bond.  Rule 9019(a), then, is simply a procedural mechanism to allow the trustee to accelerate that determination to an earlier date.

The approval of a settlement amounts in substance to an order declaring that the trustee has acted reasonably, and barring creditors and the debtor from later suing the trustee for having entered into the settlement agreement.  Accordingly, the approval of the settlement agreement here bars Yelverton's claims as a matter of claim preclusion.

The allegations of the corrected amended complaint boil down to the claim that Webster breached his fiduciary duties by agreeing to a settlement that was unreasonable.  In objecting to

the motion to approve the settlement, Yelverton sought to demonstrate that the settlement was unreasonable, and he had a full and fair opportunity to show that the settlement was unreasonable.  The objection to the settlement amounted to the same claim as is being asserted by the corrected amended complaint: a claim that the settlement was unreasonable and that Webster ought not have entered into the settlement.  Yelverton ought not be allowed to pursue the same claim twice.

    Citing Restatement (Second) Judgments, Section 26(l)(c), and cmt c (1982), and such decisions as *North v. Walsh*, 881 F.2d 1088, 1093 (D.C. Cir. 1989), Yelverton asserts that claim preclusion does not apply because he is seeking a different remedy: a recovery of damages from Webster or against Webster's bond, for Webster's breach of his fiduciary duties, a remedy that Yelverton could not have pursued in the hearing on the motion to approve the settlement.  However, the order approving the settlement determined that Webster's settlement was reasonable, and barred claims against Webster for entering into the settlement.  It matters not that Yelverton did not have the opportunity at the hearing on approval of the settlement to assert his claim for damages.  The motion to approve the settlement accelerated the determination of whether entering into the settlement amounted to a breach of fiduciary duty.  The court determined that the settlement was reasonable and did not amount

to a breach of fiduciary duty. Yelverton cannot now assert anew his claim for breach of fiduciary duty based on his assertion that the settlement was unreasonable.

II

In any event, the order approving the settlement has collateral estoppel (issue preclusion) effect regarding the issue of whether Webster acted reasonably and in turn the issue of whether he has breached his fiduciary duty. Because the complaint is one for breach of fiduciary duty based on assertions that the settlement was unreasonable, it follows that issue preclusion bars this proceeding.

III

In asserting that claim and issue preclusion doctrines do not apply, Yelverton points to the order entered on May 14, 2012, in the bankruptcy case denying his motion to remove Webster as the trustee (based on allegations of breach of fiduciary duty for having negotiated an unreasonable settlement). The denial was without prejudice to renewal of the motion to remove Webster as trustee once the court decided Webster's motion to approve the settlement. Yelverton contends that the order precluded him from raising the issue of breach of fiduciary duty at the hearing on the motion to approve the settlement. To the contrary, the order implicitly recognized that if the settlement were approved, there would not be any breach of fiduciary duty because approval of the

4

settlement would mean that Webster had not breached his fiduciary duty in entering into the proposed settlement. The order recognized, however, that if the settlement were *not* approved, Yelverton might be able to sue for breach of fiduciary duty, but that he would have a difficult time in doing so because the claims that he thought were being settled for too small an amount would necessarily have been left in place.[1] The order did not purport to bar Yelverton from showing at the hearing to approve the settlement that the settlement was unreasonable and that Webster's entering into the settlement would thus amount to a breach of fiduciary duty. Indeed, Yelverton made every effort to show at the hearing that the settlement was unreasonable and thus would amount to a breach of fiduciary duty. Claim and issue

---

[1] In signing the order, the court noted:
The order below is signed with the denial being without prejudice to renewal after the court rules on the trustee's motion to approve a settlement of certain litigation. Disapproval would leave the causes of action intact, and only if the trustee has somehow abused the discretion accorded him in attempting to liquidate the estate will it be appropriate for the debtor to pursue a renewed motion to remove the trustee. A disapproval of the settlement alone would not suffice to show such an abuse. As to the points the debtor raises I note the following. The time it took to reach and file a motion for approval of a settlement has not been of such length as suggests that the trustee has acted with unreasonable delay. . . . If the trustee has overlooked some basis for recovery, that does not necessarily show an abuse of discretion: mistakes of judgment are made, but that does not necessarily show an abuse of discretion.

preclusion plainly apply to bar Yelverton's efforts to relitigate the issue of whether the settlement was a reasonable one.

IV

The court held that Webster was not required to disclose that he is a close personal friend of Tarkenton, the attorney for the parties with whom Webster reached a settlement, and that *In re Granite Partners L.P.*, 219 B.R. 22, 42 (Bankr. S.D.N.Y. 1998), and similar decisions, are distinguishable.  Yelverton contends that the court erred, but his arguments in that regard are unpersuasive.

In any event, the court record demonstrates that Yelverton was aware that Webster and Tarkenton are close friends, and that, accordingly, he could have raised the issue at the hearing on the motion to approve the settlement.  The doctrines of claim and issue preclusion bar Yelverton's raising now an issue that he could have raised at the hearing on the motion to approve the settlement.

The court also held that Yelverton forfeited the issue by not raising it at the hearing on the motion to approve the settlement.  Yelverton complains that this was an affirmative defense that Webster could not raise in a Rule 12(b)(6) motion, and that Webster did not raise forfeiture in seeking dismissal.  However, Webster raised the defense that approval of the settlement precluded Yelverton's adversary proceeding.  "A court

6

may consider a res judicata defense on a Rule 12(b)(6) motion to dismiss when the court's inquiry is limited to the plaintiff's complaint, documents attached or incorporated therein, and materials appropriate for judicial notice." *TechnoMarine SA v. Giftports, Inc.*, 758 F.3d 493, 498-499 (2d Cir. 2014) (citation omitted). *See also Marshall County Health Care Auth. v. Shalala*, 988 F.2d 1221, 1228 (D.C. Cir. 1993) (court may look to record of another proceeding "to avoid unnecessary proceedings when an undisputed fact on the public record makes it clear that the plaintiff does not state a claim upon which relief could be granted"); *In re Colonial Mortgage Bankers Corp.,* 324 F.3d 12, 16 (1st Cir. 2003). It was permissible for the court to examine the bankruptcy case record and ascertain that Yelverton was well aware of the friendship between Webster and Tarkenton long before the hearing on the motion to approve the settlement; to conclude that Yelverton had a full and fair opportunity to raise that issue at the hearing on the motion to approve the settlement; and thus to conclude that claim and issue preclusion doctrines bar reliance on the existence of that friendship as a ground for seeking damages against Webster.

V

For the foregoing reasons, Yelverton's motion to set aside the judgment under Rule 59 of the Federal Rules of Civil Procedure must be denied. Yelverton also has moved to amend the

7

complaint. "[O]nce a final judgment has been entered, a court cannot permit an amendment [of the complaint under Rule 15(a) of the Federal Rules of Civil Procedure] unless the plaintiff 'first satisfies Rule 59(e)'s more stringent standard for setting aside that judgment.'" *Ciralsky v. CIA*, 355 F.3d 661, 673 (D.C. Cir. 2004) (quoting *Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996)). Because Yelverton has not succeeded in setting aside the judgment, the motion for leave to amend the complaint must also be denied.

VI

In accordance with the foregoing, it is

ORDERED that the *Motion to Alter or Amend Decision per F.R.C.P., Rule 59(e), and Motion for Leave to Amend Complaint per F.R.C.P., Rule 15(a)* is DENIED. It is further

ORDERED that if the bankruptcy court was not authorized to decide the *Motion to Alter or Amend Decision per F.R.C.P., Rule 59(e), and Motion for Leave to Amend Complaint per F.R.C.P., Rule 15(a)*, this decision constitutes the bankruptcy court's proposed findings of fact and conclusions of law under 28 U.S.C. § 157(c)(1) regarding that motion.

[Signed and dated above.]

Copies to: All counsel of record.